```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SCOTT A. DRESCHSEL,

                          Plaintiff,             06-CV-256

            v.                                   DECISION
                                                 and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Scott A. Dreschsel ("Plaintiff") brings this action pursuant to review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") William J. Reddy denying his application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), seeking reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c), on the grounds that ALJ

---

[1] This case was transferred to the undersigned by the Honorable Richard Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 2, 2007.

Reddy's decision was supported by substantial evidence contained in the record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## **BACKGROUND**

On February 26, 2004, Plaintiff, who was then 23 years old, filed an application for Disability Insurance Benefits. Plaintiff claimed an inability to work since September 2, 2003, due to severe pain in his neck and back, severe headaches, ADHD, and trouble reading and spelling. (Tr. at 55). Plaintiff's application was denied initially on May 4, 2004 (Tr. at 31-33), and he then filed a timely request for a hearing before an ALJ on August 5, 2004 (Tr. at 35). Plaintiff appeared, with counsel, in an administrative hearing before ALJ William J. Reddy on August 19, 2005 in Buffalo, NY (Tr. at 256).

In a decision dated October 28, 2005, the ALJ found that although Plaintiff's disorders of the cervical and thoracic regions of the spine were severe, the Plaintiff was not disabled within the meaning of the Social Security Act ("the Act")(Tr. at 12-19). Plaintiff appealed that decision to the Social Security

Appeals Council ("Appeals Council") on October 28, 2005 (Tr. at 5).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 9, 2006 (Tr. at 5-7). On April 7, 2006, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ followed the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[2] Under step one of that process, the ALJ found that the

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the

Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (Tr. at 13).

At steps two and three of the analysis, the ALJ found that Plaintiff had disorders of the cervical and thoracic regions of the spine (Tr. at 13). He found these medical impairments to be severe within the meaning of the Regulations, but not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., (Listing 1.00 (Musculoskeletal System))(Tr. at 14).

At step four of the five-step evaluation process, the ALJ concluded that the Plaintiff retained the residual functional capacity to perform a restricted range of sedentary work.[3] The ALJ further determined that Plaintiff was unable to perform his past relevant work as a material handler (classified as exertionally heavy) or as a delivery driver (classified as exertionally medium) (Tr. at 17).

At step five, the ALJ found that the Plaintiff retained the residual functional capacity to perform a range of unskilled sedentary jobs which existed in the regional and national economy in sufficient number (Tr. at 17). Specifically, the ALJ found

---

Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

[3]Sedentary Work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools and requires only limited walking and standing. 20 C.F.R. § 404.1567(a).

that the Plaintiff could perform the job functions of a laundry folder, toy assembler or "others" (Tr. at 17).

    A.   <u>Medical evidence in the record supports the ALJ's finding that Plaintiff is not disabled.</u>

The plaintiff contends that the medical evidence in the record supports a finding of disability. However, the ALJ's conclusion that the Plaintiff is not disabled is amply supported by the medical evidence in the record. The ALJ concluded that the Plaintiff "retains the residual functional capacity for a restricted range of sedentary work activity (Tr. at 16)." The ALJ found that plaintiff was indeed functioning at a level sufficient to maintain an exertional level which permitted him to work at a job consistent with his residual functional capacity. <u>Id</u>.

In making his finding, the ALJ cited the opinions and medical records of both the treating physician, Dr. Capicotto, and the consultative physician, Dr. Dina (Tr. at 14-17). Despite the diagnosis and treatment of several fairly severe physical ailments, the medical records, reveal that the plaintiff nonetheless retained a high level of functionality (Tr. at 18-20).

The ALJ properly concluded, based on the evidentiary record in its entirety, that the claimant retained a residual functional capacity sufficient to perform the functional demands of a restricted range of sedentary exertional work, and therefore was not disabled within the meaning of the Act.

> B. <u>The ALJ properly relied upon the testimony of the vocational expert ("VE") that there were a significant number of jobs in the national economy that the plaintiff could functionally perform.</u>

At step five of the disability inquiry, the ALJ found that the plaintiff was not disabled because despite his limitations and subjective complaints, there remained "a significant number of jobs in the regional and national economies that he can perform (Tr. at 19)." In making this finding, the ALJ properly relied upon the testimony of the vocational expert (Tr. at 17-19). The ALJ also discounted the subjective complaints of the plaintiff as "overstated and not fully credible" based on the evidence in the record (Tr. at 16). The plaintiff argues that the his physical limitations would prevent him from performing the jobs identified by the VE, and that the jobs identified did not exist in "significant numbers" in the national economy. The record reveals that the ALJ's reliance on the testimony of the VE was proper, and the plaintiff's arguments are without merit.

The ALJ found that Dreschsel could perform the duties of a "laundry folder," a "toy assembler," and of "other" jobs which existed in "significant number[s]" in the national and regional economies, based on the testimony of the VE (Tr. at 17, 19). In making findings under step five of the disability evaluation, an ALJ "may rely on the testimony of a vocational expert ('VE') who must identify specific jobs in the national economy that the claimant is qualified to perform." <u>Hunter v. Astrue</u>, 2007 WL

3390949 at 1 (9th Cir. November 14, 2007); *Also see* Bapp v. Bowen, 802 F.2d 601 at 606 (2nd Cir. 1986).  Thus, the ALJ's reliance on the testimony of the VE in making the step five evaluation was legally proper.

The plaintiff argues that by identifying only two jobs of "toy assembler" and "laundry folder," that the vocational expert's testimony fails to support the Commissioner's burden of establishing substantial gainful activity existing in significant numbers in the national economy and, therefore, the plaintiff is not disabled.  (Plaintiff's Memo 6-8.)  Plaintiff argues that he cannot perform the job of toy assembler because the Department of Labor's Dictionary of Occupational Titles ("DOT") characterizes this job as light but not sedentary work.  Also, plaintiff argues that the number of laundry folder jobs existing in the national economy did not constitute a significant number of jobs as required to satisfy the Commissioner's burden at step 5 (Id. at 6-8.

The record reveals that the vocational expert testified that there were a number of employment opportunities for which the plaintiff would qualify in spite of his alleged severe impairments.  The VE testified that a hypothetical individual with the plaintiff's residual functional capacity could perform the duties of a laundry folder (Tr. at 274).  The VE testified that there are 348 such positions regionally, and 58,290 nationally

(Tr. at 274-277). The VE testified that the plaintiff could perform the job duties of a "toy assembler" for which there 587 regional and 135,000 national jobs available in the national economy (Tr. at 274) (although these numbers could be reduced by 13% for part-time workers). Lastly, the VE testified that there were "other" jobs which the plaintiff could perform in the local and national economies (Tr. at 277-278).

The VE's testimony supports the conclusion that plaintiff is functionally capable of performing several jobs both in the regional and national economies for which there are a significant sufficient number of positions available. The ALJ properly relied on the expert opinion of the VE in making this determination.

Plaintiff also argues that the vocational expert's testimony could not be considered substantial evidence because it was equivocal as to the possibility that plaintiff would have to sit or stand for more than fifteen minutes at a time to perform the jobs identified. (Plaintiff's Memo at 8). An examination of the record and particularly the VE's testimony including his response to cross-examination by plaintiff's counsel clearly reveal that his testimony was not equivocal as plaintiff contends. (Tr. 275-76).

The evidence is unequivocal that plaintiff can perform the requirements of a laundry folder. Plaintiff conceded that the work identified by the vocational expert could be performed

sitting or standing at 15 minute intervals (Tr. 275). The VE also testified that plaintiff had the option to alternate sitting and standing at 15 minute intervals with the jobs identified, particularly the job of laundry folder (Tr. 274-75). The ALJ's reliance upon the VE's testimony was correct and properly supported the conclusion that the plaintiff was not disabled and was able to perform jobs within his restrictions existing in substantial numbers in the national economy.

Therefore, the ALJ properly followed the instructions of SSR 83-12 by consulting with a vocational expert about the work an individual can perform and whether that identified work exists in significant numbers in the national economy.

Finally, the plaintiff's claim that the ALJ's omission to ask the VE whether his testimony conflicted with the DOT does not invalidate the ALJ's reliance on the VE's testimony. See Plaintiff's Memo at 10. It is clear from an examination of the record and the VE's testimony that the ALJ correctly found no apparent conflict between the VE's testimony and the DOT. (Tr. 17).

Thus, the ALJ correctly found that the plaintiff was capable of performing several jobs which exist both in the regional and national economies in substantial and sufficient numbers. This decision was properly based on substantial evidence in the record consisting of the testimony of the VE and medical evidence in the

record. Furthermore, there is substantial evidence in the record to support the ALJ's decision.

## CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                              S/Michael A. Telesca
                              _____
                                 MICHAEL A. TELESCA
                              United States District Judge

Dated:   Rochester, New York
        January 8, 2008